## UNION EDGE-SETTER Co. *v.* KEITH.[1]

*(Circuit Court, D. Massachusetts.    August 19, 1886.)*

PATENTS FOR INVENTIONS—CONSTRUCTION OF CLAIMS.

The first claim of the Charles H. Helms patent, No. 173,284, of February 8, 1876, for improvements in sole-edge burnishing-machines, viz., "in combina-

[1] Edited by Charles C. Linthicum, Esq., of the Chicago bar.

tion with the burnishing tool, and the rest for the face of the sole, the finger rest, D, substantially as described," construed, and *held*, that the words "the rest for the face of the sole" refer to the flange or guard which projects from the tool, and not to the upper surface of the finger rest below the tool.

In Equity.

*J. E. Maynadier*, for complainant.

*T. W. Porter*, for defendant.

COLT, J. This bill in equity for injunction and account is brought on the Charles H. Helms patent, No. 173,284, dated February 8, 1876, for improvements in sole-edge burnishing-machines. The machine is a simple one, consisting of a finger rest and a reciprocating burnishing tool, which has a lip or guard projecting from its rear edge. The workman holds the shoe in his hands, and presses the edge up against the tool, which reciprocates with great rapidity. The finger rest enables the workman to hold the shoe when burnishing around the toe. Whether the finger rest has another function— that is, whether, by the terms of the patent, the sole was intended to be pressed against its upper surface—is the important question in this case. If the plaintiff's construction of the patent can be maintained, I am satisfied it is entitled to a decree, because infringement by defendant's machine is apparent, and because the combination covered by the first claim, when so construed, is new, useful, and not found in prior machines. This seems so clear that I deem the further discussion of the question of anticipation or infringement unnecessary. On the other hand, if the defendant's construction of the patent be correct, it is manifest that the charge of infringement cannot be maintained, because defendant's machine lacks one of the material elements of the combination embraced in the first claim of the patent which is alone in controversy in this case. Under these circumstances, it becomes necessary to examine with care the specification and drawings of the patent, to ascertain, if possible, the true construction of the first claim.

The controversy between the parties is this: Does the expression "the rest for the face of the sole," which is made an element of the first claim, refer to the lower flange or guard which projects from the bed of the tool, or does it refer to the upper surface of the finger rest below the tool? The specification says:

"My machine is extremely simple, and consists of a head or standard carrying a tool-holder holding a tool for setting or burnishing the edges of the soles of boots and shoes, and a finger rest to aid the workman in holding the edge up to the tool, and the face of the sole against the rest, which is just below the burnishing part of the tool. The drawings represent the best part of my machine; A being the head, B the tool-holder, C the tool, and D the finger rest. * * * The operation is as follows: * * * The workman passes [presses] the edge up against the tool, and the face of the sole against the surface which projects below the tool, and gradually moves the shoe so as to bring all parts of the edge to its action, steadying the shoe by the aid of the finger rest, D, especially when burnishing the corners of the toes. * * *

"The combination of the finger rest, D, with the burnishing tool, and the rest for the face of the sole, is the main feature of my invention. All the other points of novelty in my machine also relate to new combinations of old elements. What I claim as my invention is, (1) in combination with the burnishing tool and the rest for the face of the sole, the finger rest, D, substantially as described."

It will be observed that the specification first describes "the rest for the face of the sole" as "the rest which is just below the burnishing part of the tool," and, again, as "the surface which projects below the tool." The first expression seems quite clearly to refer to the flange or guard which projects from the tool, and against which the sole rests. The second expression is ambiguous, and might well refer to the upper surface of the finger rest. When, however, we read the language of the patent in connection with the drawings, the meaning becomes plain. The drawings, I think, fairly show that the sole could not rest on the finger rest in the operation of burnishing. This seems to conclude the question. Again, it will be observed that the burnishing tool is throughout coupled with the rest for the face of the sole. The language is:

"The combination of the finger rest, D, with the burnishing tool and the rest for the face of the sole, is the main feature of my invention."

"In combination with the burnishing tool and rest for the face of the sole, the finger rest, D, substantially as described."

Much weight is given by the defendant to the proceedings in connection with Helms' application for a patent as bearing upon the correctness of the construction that Helms referred to the finger rest as the rest for the face of the sole. In his original specification he said:

"The finger rest, D, is the main feature of my invention; all the other points of novelty in my machine relating to new combinations of old elements. What I claim as my invention is—*First*, in a burnishing-machine, the finger rest, D, constructed and operating substantially as described."

The examiner holding that this claim was anticipated by the Tayman patent of March 11, 1873, which shows a finger rest, thereupon the first claim was amended so as to read as follows: "*First*, in combination with the burnishing tool and rest for the face of the sole, the finger-rest, D, substantially as described." The examiner replied under date of January 11, 1876, as follows:

"Attention is called to the fact that the finger rest in the above-cited case is stated to be the main feature of the alleged invention. A rest for the same purpose is shown in Tayman's patent, and the other elements claimed in combination have been shown by the references to be old separately; and if the finger rest performs any new function, in this instance, in combination with the tool and holder here used, it should be clearly stated. It is not understood what is meant by the words in the first claim now presented, viz., 'the rest for the face of the sole.' Additional amendment is therefore necessary before the case can be further considered."

In reply to this, the specification was amended in the following particulars, and the patent granted:

"(1) By inserting immediately after the words 'to aid the workman in holding the edge up to the tool,' the words 'and the face of the sole against the rest, which is just below the burnishing part of the tool.'

"(2) By inserting immediately after the words 'the workman presses the edge up against the tool,' the words 'and the face of the sole against the surface which projects below the tool.'

"(3) By erasing the paragraph immediately before the words 'What I claim as my invention is,' and substituting therefor the following: 'The combination of the finger rest, D, with the burnishing tool and the rest for the face of the sole, is the main feature of my invention. All the other points of novelty in my machine also relate to new combinations of old elements.'"

Undoubtedly, Helms at first considered the finger rest as the main feature of his invention until he was referred to the Tayman patent. He then adds a new element to the first claim, which is "the rest for the face of the sole." The examiner then calls his attention to the fact that he has made the finger rest the main feature of his invention, and, further, that, if the finger rest performs any new function in combination with the tool and holder, it should be clearly stated, and that it is not understood what is meant by "the rest for the face of the sole." Helms replies by making the whole combination of the first claim, including the rest for the face of the sole, the main feature of his invention, and by explaining what he meant by the words "rest for the face of the sole," which he had just incorporated into the first claim by amendment, but had not referred to in his specification. He nowhere states that this refers to a new function of the finger rest, nor does he claim any new function for the finger rest.

At the argument I was by no means free from doubt as to the meaning of the patent. The position taken by the defendant at that time struck me with much force, but upon careful consideration of the specification in connection with the drawings I am satisfied that the defendant's view cannot be maintained. Undoubtedly, upon the evidence, Helms started with the idea of making the upper surface of the finger rest a rest for the face of the sole. The plaintiff contends that this feature was abandoned some months before the patent was granted. In view of the drawings and specification the plaintiff's evidence on this point must be believed. Whether or not the sole edge of a shoe can be burnished with the sole resting against the face of the finger rest, and were in fact so burnished in the first machines made by Helms, becomes immaterial in view of the fact that the court has found that in the machine as patented the sole does not rest against the finger rest in the operation of burnishing. I am aware that the defendant seeks to prove that the sole rests against the finger rest in the Helms machine as organized in the patent; but, in my opinion, neither the drawings nor the evidence support his theory.

Decree for complainant.